UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
Daniel Cavazzini,

                Plaintiff,

    -against-

                                                  DOCKET NO. 21-cv-05087

MRS Associates and Crown Asset
Management,

                Defendants.
-------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR REMAND

 

**ARTHUR SANDERS, ESQ.**
**BARRON & NEWBURGER, P.C.**
**Attorney for defendant**
**30 South Main Street**
**New City, NY 10956**
**845-499-2990**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..... ii

I. STATEMENT OF FACTS ..... 1

II. ARGUMENT ..... 2

    A. Remand Standard of Review ..... 2

    B. Defendants Have Demonstrated the Propriety of Removal ..... 3

    C. Article III Jurisdiction Exists in This Case ..... 3

III. CONCLUSION ..... 5

## TABLE OF AUTHORITIES

**PAGE**

*Caterpillar v. Williams,* 482 U.S. 386,392, 107 S. CT., 2425, 96 L. ED 2d 318 (1987) ..... 2

*Gibbons v. Bristol Myers Squibb,* 919 F.3d 699 (2d Cir. 1999) ..... 2

*KnowYourMeme.com v. Nizri,* 2021 U.S. Dist. Lexis 163283 (SDNY 8/30/21) ..... 2

*Kola v. Forster & Garbus, LLP,* 2021 WL 4135153, (SDNY 9/10/21) ..... 3, 4

*Macklin v. Lexington Insurance Company,* 2020 WL 5796814 @ *2 (SDNY 9/29/20) ..... 2

*Mailing Vendor* cases 2021 WL 3160794 (EDNY 7/23/21) ..... 3, 4, 5

*Pinyuk v. CBE Group,* 2021 U.S. Dist. Lexis 180149 (EDNY 9/12/21) ..... 4

**PAGE**

*Rosenberg v. FMA Alliance*, 2021 U.S. Dist. Lexis 153984,     4
2021 WL 3617672 (EDNY 8/16/21)

*Sturm v. Alpha Recovery Corp.*,     4
2021 U.S. Dist. Lexis 181243 (EDNY 9/21/21)

*Sullivan v. American Airlines*, Inc.,     3
474 F.3d 267, 271 (2d Cir. 2005).

Defendants MRS Associates("MRS") and Crown Asset Management, LLC ("Crown"), by and through their undersigned attorneys, Barron & Newburger, P.C., submits the instant memorandum in opposition to plaintiff's motion for remand against defendants MRS Associates, ("MRS") and Crown Asset Management, LLC ("Crown").

## I.
## STATEMENT OF FACTS

Plaintiff filed a complaint in the District Court of Suffolk County, Sixth District. The complaint alleges violations of 15 U.S.C. §1692c(b) and 1692f along with a violation of NY GBL 349. As plaintiff's counsel correctly observes, the defendants' removed this matter to Federal Court based upon the fact that the action was based upon alleged violations of a Federal Statute. It is the existence of the Federal Statute, The Fair Debt Collection Practices Act, that gives the Federal Court Jurisdiction to hear plaintiff's complaint.

Plaintiff's complaint contains certain allegations relevant to the removal of the action and to plaintiff's motion to remand.

Paragraphs 93-96 of the complaint allege a "particularized and actual injury" to the plaintiff allegedly traceable to defendants' conduct. In addition, Paragraphs 124-125

1

specifically allege "an injury in fact that provides Article III standing".

## II.
## ARGUMENT

### A. REMAND STANDARD of REVIEW

Generally, any Civil suit initiated in State Court over which a District Court would have had original jurisdiction, may be removed by… the defendants, to the District Court of the United States for the District… embracing the place where such action is pending." *Gibbons v. Bristol Myers Squibb*, 919 F.3d 699 (2d Cir. 1999), citing 28 U.S.C. §1441(a).

The existence of a federal question is governed by the Well Pleaded Complaint Rule which provides that Federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *See Caterpillar v. Williams,* 482 U.S. 386,392, 107 S. CT., 2425, 96 L. ED 2d 318 (1987).

"When considering a motion to remand, the District Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *KnowYourMeme.com v. Nizri*, 2021 U.S. Dist. Lexis 163283 (SDNY 8/30/21), citing *Macklin v. Lexington Insurance Company*, 2020 WL 5796814 @ *2 (SDNY 9/29/20).

2

A plaintiff may not defeat subject matter jurisdiction by artfully pleading his complaint as if it arises under State Law where plaintiff's suit is, in essence, based upon Federal Law. *Sullivan v. American Airlines*, Inc., 474 F.3d 267, 271 (2d Cir. 2005).

B. **DEFENDANTS' HAVE DEMONSTRATED THE PROPRIETY OF REMOVAL**

Plaintiff's complaint is based upon the violation of a Federal Statute. It alleges Article III standing and a concrete injury despite the fact that it was filed in State Court. As a result, there is no ambiguity regarding the propriety of the removal. Plaintiff's well pleaded complaint, alleging various violations of the FDCPA (15 U.S.C. §1692 et. Seq.) unequivocally confers jurisdiction upon this court.

C. **ARTICLE III JURISDICTION EXISTS IN THIS CASE**

Plaintiff's attorney argues that the instant case is indistinguishable from the *FDCPA Mailing Vendor* cases 2021 WL 3160794 (EDNY 7/23/21), decided by Judge Brown and from the additional case of *Kola v. Forster & Garbus, LLP*, 2021 WL 4135153, (SDNY 9/10/21).

Plaintiff's complaint alleges that plaintiff does not owe money to defendant Crown Asset Management and questions whether Crown actually owns the debt in question. The complaint further

3

alleges that the co-defendant, MRS Associates sent him correspondence for a debt that he did not owe. This is a serious allegation and while defendants' do not concede the validity of any of these factual allegations, the instant motion is not the proper vehicle to determine whether plaintiff's claims under the FDCPA are factually supported. In *Rosenberg v. FMA Alliance*, 2021 U.S. Dist. Lexis 153984, 2021 WL 3617672 (EDNY 8/16/21), Judge Cogan was presented with similar factual allegations and dismissed plaintiff's case, not for lack of standing, but pursuant to FRCP 12(b)(6) as he found that plaintiff's allegations were not properly supported. The defendants deserve the opportunity to have this court address the factual allegations in the instant complaint just like the court did in *Rosenberg*. See also *Sturm v. Alpha Recovery Corp.*, 2021 U.S. Dist. Lexis 181243 (EDNY 9/21/21), *Pinyuk v. CBE Group*, 2021 U.S. Dist. Lexis 180149 (EDNY 9/12/21).

The *Mailing Vendor* cases, and the *Kola* case do not compel a different result. The *Kola* decision was a result of a summary judgment motion in which plaintiff's deposition testimony was a significant factor for the court in deciding that no Article III jurisdiction existed. Plaintiff's complaint and her deposition testimony, in that case, had very little in common.

4

As for the Mailing Vendor cases, they represent the opinion of one District Court Judge. His reasoning has not been adopted by any other Judge in this Circuit and does not appear to be supported by any Appellate authority.

### III.
### CONCLUSION

Plaintiff's motion to remand must be denied. The court has jurisdiction over plaintiff's claims.

Dated: New City, NY
September 29, 2021

_____
Arthur Sanders, Esq.
Barron & Newburger, P.C.
30 South Main Street
New City, NY 10956
845-499-2990

5