## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daniel Cavazzini, | |
| Plaintiff, | Case No: 2:21-cv-05087 (ARR)(ST) |
| vs. | |
| MRS Associates and Crown Asset Management, LLC, | |
| Defendants. | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

BARSHAY, RIZZO & LOPEZ, PLLC

David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Email: dbarshay@brlfirm.com
*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. ARGUMENT .................................................................................................................... 2

    A.   Removal Burdens and Remand Presumptions ....................................................... 2

    B.   Defendant Has Failed to Establish the Propriety of Removal ............................... 3

      1.   Defendant's Notice of Removal is Patently Insufficient ................................ 3

III. CONCLUSION ............................................................................................................... 5

i

## TABLE OF AUTHORITIES

### Cases

*Agyin v. Razmzan*,
  986 F.3d 168 (2d Cir. 2021) ..............................................................................4

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*,
  No. 11 CIV. 2232 NRB, 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011)..............................2, 5

*Bush v. Optio Sols., LLC*,
  No. CV211880GRBARL, 2021 WL 3201359 (E.D.N.Y. July 28, 2021)………………….…5

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*,
  368 F.3d 86 (2d Cir. 2004).................................................................................2

*Citibank, N.A. v. Swiatkoski*,
  395 F. Supp. 2d 5 (E.D.N.Y. 2005) ......................................................................2

*Collier v. SP Plus Corp.*,
  889 F.3d 894 (7th Cir. 2018) .............................................................................4

*In re FDCPA Mailing Vendor Cases*,
  No. CV 21-2312, 2021 WL 3160794 (E.D.N.Y. July 23, 2021).....................................4

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
  488 F.3d 112 (2d Cir. 2007) ...........................................................................3, 4

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
  No. 1:00-1898, 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006)......................................2

*In re NASDAQ Mkt. Makers Antitrust Litig.*,
  929 F.Supp. 174 (S.D.N.Y.1996) ......................................................................2

*Jurist v. Long Island Power Auth.*,
  No. 19CV3762MKBLB, 2020 WL 1149750 (E.D.N.Y. Mar. 10, 2020)..............................3

*Kenmore Assocs., L.P. v. Burke*,
  367 F. App'x 168 (2d Cir. 2010) .......................................................................2

*Kola v. Forster & Garbus, LLP*,
  No. 19-CV-10496 (CS), 2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021)..............................5

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130, 119 L.Ed. 2d 351 (1992)........................................4, 5

*Lupo v. Human Affairs Int'l, Inc.*,
  28 F.3d 269 (2d Cir. 1994)................................................................................................2

*Mehlenbacher v. Akzo Nobel Salt, Inc.*,
  216 F.3d 291 (2d Cir. 2000)..............................................................................................3

*Negron v. New York*,
  No. 02-CV-1688, 2002 WL 1268001 (E.D.N.Y. Apr. 1, 2002)..............................3

*Purdue Pharma L.P. v. Kentucky*,
  704 F.3d 208 (2d Cir. 2013)..............................................................................................2

*R.G. Barry Corp. v. Mushroom Makers, Inc.*,
  612 F.2d 651 (2d Cir.1979) ..............................................................................................2

*Steel Co. v. Citizens for Better Environment*,
  523 U.S. 83 (1998) ............................................................................................................3

*Summers v. Earth Island Inst.*,
  555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)............................................3

*Syngenta Crop Prot., Inc. v. Henson*,
  537 U.S. 28, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002)............................................3

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021).................................................passim

*Wilson v. Dantas*,
  746 F.3d 530 (2d Cir. 2014) .............................................................................................3

**STATUTES**

28 U.S.C.
  § 1441(a)..............................................................................................................................2
  § 1447(c)..............................................................................................................................2

**OTHER**

14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure
  § 3733 (rev. 4th ed. 2020)................................................................................................4

Plaintiff Daniel Cavazzini ("Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum in reply to the opposition of defendants Crown Asset Management, LLC and MRS Associates (collectively "Defendants") to Plaintiff's motion for remand, and in further support of the motion.

## I.
## PRELIMINARY STATEMENT

A court's analysis of Article III standing in consumer law cases was substantially and materially changed by *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). It is tellingly significant, therefore, that neither Defendants' Notice of Removal (the "Removal"), nor Defendants' opposition to Plaintiff's motion for remand, even mention *TransUnion*. Moreover, the Removal is completely silent concerning Plaintiff's Article III standing, and fails to allege *even a single* "jurisdictional fact" concerning standing in general. This alone is fatal to Defendants' attempt to withstand remand.

Instead, the Removal asks this Court, in essence, to find removal proper simply because the matter involves a federal question. Respectfully, Defendants' position signals a profound confusion of the burden Defendants must satisfy to prove their removal was proper and the presumptions against removability that Plaintiff's Complaint enjoys. Moreover, Defendants' arguments evidence a fundamental misunderstanding of Article III standing after *TransUnion* and the relationship between standing and subject matter jurisdiction.

For these reasons and those explained herein, Defendants' opposition falls far short of satisfying Defendants' burden to convince this Court that removal was proper and gives the Court no reason to ignore the Second Circuit's "strong presumption against removal."

## II.
## ARGUMENT

### A.   Removal Burdens and Remand Presumptions

A defendant may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction. *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)).  After removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded." *Kenmore Assocs., L.P. v. Burke*, 367 F. App'x 168, 169 (2d Cir. 2010) (quoting 28 U.S.C. § 1447(c) (emphasis in original)).

The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, No. 1:00-1898, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) ("When a party challenges the removal of an action from state court, the burden falls on the removing party to establish its right to a federal forum by competent proof'") (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979) (quotation omitted)).

Critically, "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statutes narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).  For this reason, the Court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff."  *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 CIV. 2232 NRB, 2011 WL 4965150, at *2 (S.D.N.Y. Oct. 19, 2011) (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.,* 929 F.Supp. 174, 178 (S.D.N.Y.1996); *Syngenta Crop*

*Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366, 369, 154 L. Ed. 2d 368 (2002) ("[S]tatutory procedures for removal are to be strictly construed").

Finally, regardless of whether the issue is raised by the parties, a district court is obligated to consider whether federal subject matter jurisdiction exists in a removed action. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000); *see also Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014) ("Although not raised by either party, we must 'take[ ] it upon ourselves to determine whether removal jurisdiction existed even where that issue was not itself appealed'") (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.,* 488 F.3d 112, 121 (2d Cir. 2007)). The same *sua sponte* obligation exists concerning whether the plaintiff in a removed action has Article III standing. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 499, 129 S. Ct. 1142, 1152, 173 L. Ed. 2d 1 (2009) ("[I]t it is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties."); *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (explaining Court's independent duty to assure itself of Article III standing).

**B.   <u>Defendant Has Failed to Establish the Propriety of Removal</u>**

### *1.   Defendant's Notice of Removal is Patently Insufficient*

A notice of removal must allege a proper basis for removal. *Jurist v. Long Island Power Auth.*, No. 19CV3762MKBLB, 2020 WL 1149750, at *3 (E.D.N.Y. Mar. 10, 2020); *see also Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal"). In determining whether removal is proper, Courts look only to the jurisdictional facts alleged in the Notice of Removal. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab.*

*Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  The sufficiency of such jurisdictional facts is judged by the same standard that applies to the sufficiency of the allegations of a plaintiff's complaint.  *Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) (quoting 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3733 (rev. 4th ed. 2020)).  Here, the jurisdictional "facts" alleged by Defendant consist of one (1) conclusory paragraph,

II.  <u>GROUNDS FOR REMOVAL</u>

    The Court has original jurisdiction over this action because this action arises under a Law of the United States.  See 28 U.S.C. Section 1331.  This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.  (See Exhibit "A.")  Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

(*See Dkt. No.* 1).  Simply alleging that this matter involves a federal question, as Defendants have done here, is not a "jurisdictional fact" that satisfies, or even addresses, Article III standing. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, [the removing-defendant] had to establish that all elements of jurisdiction— including Article III standing—existed at the time of removal.") (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L.Ed. 2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing.")).

After *TransUnion*, it is clear that "bare procedural violation[s], divorced from any concrete harm" and "risk of future harm" do not suffice for Article III standing." *TransUnion*, 141 S. Ct. at 2213.  *See also In re FDCPA Mailing Vendor Cases*, No. CV 21-2312, 2021 WL 3160794 (E.D.N.Y. July 23, 2021); *Kola v. Forster & Garbus, LLP*, No. 19-CV-10496 (CS), 2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021) (finding no Article III standing  in FDCPA case); *see also Bush*

4

*v. Optio Sols., LLC*, No. CV211880GRBARL, 2021 WL 3201359 (E.D.N.Y. July 28, 2021) (same).
Here, Defendants' Removal and opposition do not overcome *TransUnion* nor the Court's duty to
"construe all disputed questions of fact and controlling substantive law in favor of the plaintiff"
on a motion for remand. *See Allstate Ins. Co.*, 2011 WL 4965150, at *2. As such, this matter
should be summarily remanded back to state court. *See Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136.

## III.
## CONCLUSION

It is respectfully restated that the Court must construe the removal statute narrowly and
resolve any doubts in favor or remand. *See Purdue Pharma L.P.*, 704 F.3d at 213. As such, this
matter should be remanded back to New York State Court.

Dated: Melville, New York
     September 28, 2021

By: s/ *David M. Barshay*
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Email: dbarshay@brlfirm.com
*Attorneys for Plaintiff*